# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| BRIAN KEITH GLOVER, | ) |
| Petitioner, | ) CIVIL ACTION NO.: CV214-151 |
| v. | ) |
| UNITED STATES OF AMERICA, | ) (Case No.: CR211-15) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Brian Glover ("Glover"), who is currently incarcerated at the Federal Correctional Institution in Herlong, California, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Glover also filed a motion requesting that his case be remanded to the district court for resentencing. The United States of America filed a Motion to Dismiss, and Glover filed a Response. For the reasons which follow, the Government's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Glover was indicted, along with twenty (20) other individuals, in this Court for: conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine hydrochloride (powder), 28 grams or more of cocaine base (crack), 50 kilograms or more of marijuana, and 3,4 methylenedioxymethamphetamine (Ecstacy), in violation of 21 U.S.C. §§ 841(a)(1) & 846; possession with intent to distribute 500 grams

or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Glover entered into a plea agreement with the Government and pleaded guilty to the conspiracy count. Glover was sentenced to 240 months' imprisonment. Glover filed a direct appeal, which was dismissed based on the appeal waiver contained in Glover's plea agreement. (Doc. No. 4, pp. 1–2).

In this motion, Glover contends that his plea agreement contained a provision that the Government would file a § 5K1.1 motion on his behalf in exchange for his cooperation in this criminal proceeding and other criminal matters. Glover asserts that he provided information to the Government, and the Government failed to file a § 5K1.1 motion on his behalf. Glover requests that he be re-sentenced in consideration of this downward departure.

The Government asserts that Glover's motion is untimely and should be dismissed. The Government also asserts that Glover's motion is barred by the collateral waiver provision contained in the plea agreement. Finally, the Government asserts that it did not breach the plea agreement.

## DISCUSSION AND CITATION TO AUTHORITY[1]

The Government alleges that the plea agreement set forth what its responsibility was concerning Glover's cooperation, as the plea agreement states that the Government would consider whether Glover's cooperation qualified as substantial assistance to warrant the filing of a motion for downward departure. The Government

---

[1] The undersigned declines to address whether Glover's motion was filed timely or whether his motion is barred by the waiver provision contained in his plea agreement.

avers that the determination of whether Glover provided substantial assistance or was truthful with the United States Attorney's Office and the United States Probation Office was a matter within the United States Attorney's sole discretion. (Doc. No. 4, p. 7) (quoting CR211-15, Doc. No. 861, p. 4).

Glover contends that his plea agreement specifically states that, in return for his cooperation, a § 5K1.1 motion would be filed. Glover also contends that the Government believed that he obstructed justice by having his Pre-Sentence Investigation Report ("PSI") posted on Facebook, but the Honorable Lisa Godbey Wood disagreed with the Government. Glover asserts that he met his end of the bargain, and the Government should do the same.

"Section 5K1.1 of the Sentencing Guidelines provides that '[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.'" United States v. Dorsey, 554 F.3d 958, 960 (11th Cir. 2009) (quoting United States Sentencing Guidelines Manual § 5K1.1) (alteration in original). The government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" Id. at 961 (quoting Wade v. United States, 504 U.S. 181, 185 (1992)). Therefore, a district court cannot grant a downward departure for substantial assistance absent a motion by the government. Id. "[T]he government's discretion is such that federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a 'substantial threshold showing' that the refusal was based upon an unconstitutional motive, such as the

AO 72A
(Rev. 8/82)

defendant's race or religion." United States v. McNeese, 547 F.3d 1307, 1308 (11th Cir. 2008) (quoting Wade, 504 U.S. at 185–86).

As part of its promises contained in the plea agreement, the Government agreed to "[a]dvise the Court of the extent and value of any information, cooperation, or assistance" Glover might provide "in the investigation and prosecution of others" and "to consider whether such cooperation qualifies as 'substantial assistance' pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1." (CR211-15, Doc. No. 502, p. 2). The plea agreement provides that the "determination of whether the defendant has provided 'substantial assistance,' or has been truthful with the United States Attorney's Office and the United States Probation Office, is a matter committed to the **sole discretion** of the United States Attorney." (Id. at p. 4) (emphasis in original). Assistant United States Attorney ("AUSA") Karl Knoche advised Chief Judge Wood during Glover's Rule 11, or change of plea, hearing that the Government would advise the Court of the "extent and value of any information, cooperation, or assistance [Glover] provides in the prosecution and investigation of others. If the Government deems that to be substantial, the Government would file a motion pursuant to guideline § 5K1.1 asking the Court for a downward departure from the advisory guideline range." (Id. at Doc. No. 809, p. 16). During his sentencing hearing, Glover admitted to having his PSI copied and posted on Facebook, in "contravention of the clear direction of the Court's officers not to do that." (Id. at Doc. No. 810, p. 24). Glover requested that the Government file a § 5K1.1 motion on his behalf during the sentencing hearing. AUSA Knoche stated that the Government considered Glover's cooperation and noted that Glover did provide assistance to the Government. (Id. at Doc. No. 810-1, pp. 31–32). However, AUSA

AO 72A
(Rev. 8/82)

Knoche advised the Court that the Government would have filed a § 5K1.1 motion on Glover's behalf but for his actions in having his PSI posted to Facebook, which AUSA Knoche characterized as "obstructive behavior". (Id. at Doc. No. 810-2, p. 20). AUSA Knoche also advised that the decision to file this kind of motion rested with the Government, and he saw no improper reason behind the Government's decision not to file this motion. (Id. at Doc. No. 810-1, pp. 31–32). Chief Judge Wood did not find that Glover obstructed justice by having his PSI posted on Facebook because his actions were not enough to show willful intimidation. (Id. at Doc. No. 810-2, p. 11). However, Chief Judge Wood noted that she was denying Glover's request to have the Government be compelled to file a § 5K1.1 motion on his behalf and specifically found that the Government had a rational and legitimate reason for failing to do so, namely Glover's conduct. (Id. at p. 12).

The undersigned recognizes that Glover and the Government agree that Glover provided assistance to the Government. However, the decision to file a § 5K1.1 motion was a matter within the sole discretion of the Government, which is set forth in the parties' plea agreement. The Government declined to file a § 5K1.1 motion on Glover's behalf based on his behavior in having his PSI posted to Facebook. Glover presents no evidence whatsoever that the Government's decision to decline to file this motion on his behalf was based on an unconstitutional motive. Thus, Glover has failed to meet his burden of establishing his entitlement to the Government filing a § 5K1.1 motion on his behalf.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Government's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Glover's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DENIED**. It is my further **RECOMMENDATION** that Glover's motion for remand, (doc. no. 3), be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of December, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE